UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TRACY K., | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00519-JDL |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant | ) | |

*RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES*

The plaintiff moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b) for her attorney's work in representing her before this court and obtaining a remand of her case to the commissioner, resulting in an award of benefits after remand. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (ECF No. 20). As the commissioner notes, *see* Defendant's Response to Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) ("Response") (ECF No. 21) at 2, the plaintiff indicated at the outset of her motion that she sought a section 406(b) award of $13,000.00, and at the conclusion that she sought an award of $10,811.00, *see* Motion at 1, 5. The commissioner construes the motion to request $10,811.00, which she argues is consistent with the contingency fee agreement between the plaintiff and her attorney, and, as so construed, does not oppose the request. *See* Response at 2-3. The plaintiff filed no reply brief, tacitly conceding the point. I agree that the fee request, as so construed, is reasonable, and, accordingly, recommend that the court grant the motion and award $10,811.00 in section 406(b) attorney fees.

## I. Discussion

Section 406 provides, in relevant part:

1

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

This court has authority to award court-related fees pursuant to section 406(b), even though the benefits award was made by the commissioner on remand. *See, e.g., Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits—including the First Circuit—in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

This court has a duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *Id.* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

Judge Hornby of this court has observed that "*Gisbrecht* has told us that the percentage contingency fee is the default." *Siraco v. Astrue*, 806 F. Supp.2d 272, 280 (D. Me. 2011). Typically, when "[t]here is no suggestion that [a Social Security] case was obviously an inordinately easy case from the outset and that the success was not due to the law firm's efforts, or that its success was attributable to some other source[,] . . . [t]hat should be the end of the matter." *Id.* at 277.

That is the case here. The Notice of Award from the Social Security Administration specifies that 25 percent of the retroactive award of $67,244.00 is $16,811.11. Notice of Award (ECF No. 20-1), attached to Motion, at 4. The plaintiff's attorney was awarded $6,000.00 of that sum pursuant to 42 U.S.C. § 406(a) for work performed on her behalf at the agency level. *See* Motion at 1 n.1; Notice of Award at 3. The $10,811.00 sought pursuant to section 406(b) for work performed in this court, added to the $6,000.00 paid in section 406(a) fees, essentially equals the contingency fee amount withheld.[1] There is no suggestion that this case was inordinately easy

---

[1] Because I have construed the motion to request $10,811.00, I need not consider the plaintiff's argument that the Supreme Court clarified in *Culbertson v. Berryhill,* 139 S. Ct. 517 (2019), "that there is no offset from 406(b) fees for

3

from the outset or that its success was not due to the plaintiff's attorney's efforts. Finally, the plaintiff's attorney has acknowledged his duty to refund to the plaintiff the fee in the amount of $3,450.27 previously awarded under the EAJA in this case. *See* Motion at 5; ECF No. 19.

## II. Conclusion

For the foregoing reasons, I recommend that the Motion, as construed to request the sum of $10,811.00, be **GRANTED,** resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $10,811.00, with the proviso that the plaintiff's counsel be directed to remit to his client the sum of $3,450.27 in previously-awarded EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of April, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

amounts awarded for work before the agency pursuant to 406(a)[,]" as a result of which the alternative fee request of $13,000.00 was "somewhat less than the full twenty five percent contingent fee agreed on by the parties." Motion at 5.

4